[No. 9998.   Department One.   March 27, 1912.]

JAMES BARRON, *Respondent*, v. R. E. ROBINSON *et al.*, *Appellants.*[1]

BILLS AND NOTES—PAYMENT — CONTRACTS — FOR SECURITY — CONSTRUCTION—ACCEPTING MORTGAGE. Where an agreement between the makers and the payee of a note for $3,500, provided that out of $11,500 to be received from the sale of a steamer (upon which the payee held a chattel mortgage for $10,000) the payee should pay certain claims, applying the balance on his mortgage, and that the payee was entitled to hold the $3,500 until he had received his full claim (the makers acknowledging their liability thereon, less an agreed credit, to the amount of the payee's loss in the transaction, if any, up to the amount of said note less the credit, upon the sale of the steamer to the payee of the note, who received but $1,000 and took a chattel mortgage for $10,500 for the balance, upon which the purchaser of the steamer defaulted) the $3,500 was not paid by the transaction but was held as security for the payee's losses; since the payee did not accept the mortgage as cash.

SAME. Such losses of the payee included money paid for attorneys' and court fees in resisting claims upon the advice of counsel and insurance on the steamer stipulated for in the mortgage.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 12, 1911, upon findings in favor of the plaintiff, in an action upon a promissory note, after a trial to the court.   Affirmed.

*Merrick & Mills* and *Padgett & Bell*, for appellants.

*J. A. Coleman*, for respondent.

GOSE, J.—Suit upon a promissory note.   Judgment for the plaintiff.   The defendants have appealed.

[1] Reported in 122 Pac. 343.

Briefly stated, the case presented by the record is this: The Everett Navigation Company, a corporation of which the appellants were officers and trustees, on October 16, 1909, owned two boats, named the Howard D. and the Columbia. The respondent held a mortgage upon the former for $1,500, and upon the latter for $10,000. At the same time, the respondent held the note of the corporation for $3,500, which had been indorsed by the appellants before delivery. The purpose of this suit is to recover the balance due upon the last named note. The appellants pleaded payment. The burden was upon them to establish it. Upon the date stated, the navigation company sold the Howard D. for $4,200, and caused the purchase price to be paid to the respondent. On the same day it passed the following resolution:

"James Good having made an offer of eleven thousand five hundred dollars ($11,500), for the steamer 'Columbia' and the scow, with all machinery, equipment, etc., including an assignment of the company and of James Barron in the contract with the Northwestern Iron Works and the Everett Navigation Company for an engine, and after considerable discussion it was moved and seconded that the offer be accepted, that the secretary and president be instructed to sign a bill of sale of the steamer 'Columbia' and scow, the purchase price of eleven thousand five hundred dollars ($11,500) to be paid by the said James Good to James Barron to be applied by him in payment of his mortgage and claims against the steamer 'Columbia'; the sum of three hundred dollars ($300) and interest to be paid to the First National Bank in payment of their claims against the said scow."

At the same time and as a part of the transaction, the appellants and one H. A. Douglas who was then the secretary of the navigation company, entered into the following agreement with the respondent:

"Know all men by these presents: That we, R. E. Robinson, E. Reid, R. M. Westover and H. A. Douglass, hereby agree with James Barron, as follows:

"That the said James Barron, out of the sum of eleven thousand five hundred dollars ($11,500) to be received from

the sale of the steamer 'Columbia' from James Good, do pay all liabilities which are a charge on the said boat in priority to his mortgage, and to pay the claim of the First National Bank for three hundred dollars ($300) on the scow, and the balance to be applied on his mortgage, and it is understood and agreed that the said James Barron is entitled to retain the note for three thousand five hundred dollars ($3,500) he holds made by the Everett Navigation Company to him and endorsed by us, less the sum of seven hundred seventy-five dollars ($775) as credited on same (until all the claims have been adjusted), and in case a receiver to the said company should be appointed, and a sale of the said boat and scow to James Good should be set aside, and the said James Barron should not receive the full amount of his claims, we, as endorsers of the said note, hereby admit our liability on said note for the said sum of $3,500, less the sum of $775 now credited on said note.

"It is understood and agreed that in making up the claim of the said James Barron on said mortgage and note. that he agrees to make a reduction from ten thousand dollars ($10,-000) on his mortgage to eight thousand five hundred dollars ($8,500) and to charge interest on that sum only. In determining whether or not he has received his full claim, we waive all protest of the note for $3,500 and agree that we are individually liable under the same to the amount of James Barron's loss in this transaction, if any, up to the amount of the said note of $3,500 less the said sum of $775 credited thereon.

"We each covenant and agree with James Barron that we will pay the note for two thousand dollars ($2,000) made by the Everett Navigation Company to the First National Bank and endorsed by ourselves, and save James Barron and James Good harmless from any claims brought on said note."

In pursuance of the resolution, the navigation company conveyed the boat to James Good by a bill of sale. Good paid the respondent $1,000, and executed a mortgage to him for $10,500, the balance of the purchase price.

The appellants' principal contention is, if we understand their position, that the steamer was sold to the respondent; that he caused it to be conveyed to Good; that he accepted the mortgage from Good for $10,500 as cash; that he

agreed to pay the lienable claims against the boat, and that the appellants were only to be held upon the note upon the happening of one or both of two contingencies: (1) If the indebtedness of the navigation company to the respondent, plus the amount paid by him on lienable claims existing against the boat on the date of the agreement, exceeded the amount of the Good mortgage (upon the happening of this event, they admit their liability upon the note for such excess); and (2) in event a receiver should be appointed, and the sale to Good should be held invalid so as to prevent the respondent from receiving the "full amount of his claims."

Whilst the written documents are not happily phrased, we cannot agree with that interpretation. The resolution shows that the navigation company made the sale direct to Good, and that he was to pay the purchase price to the respondent to be "applied by him in payment of his mortgage and claims against the steamer Columbia." The claims referred to are the lienable claims provided for in the contract. The contract proper discloses that the $3,500 note was to be held by the respondent as security for the purposes and to the extent following: (1) "Until all the claims have been adjusted," meaning paid; (2) in event the full payment of respondent's "claims" should be defeated by the appointment of a receiver and the vacation of the sale of the steamer to Good; and (3) for "the amount of James Barron's [respondent's] loss in the transaction." In other words, the appellants were to be held liable upon the note in suit, less the credit of $775, to the extent of all loss sustained by the respondent, whether arising from the failure of the purchaser to pay the purchase price or arising from the payment of the lien claims. Stated more concretely, the respondent did not agree to accept the Good mortgage as cash. Good defaulted upon the mortgage, and it was foreclosed by the respondent and purchased by him at the mortgage sale.

The appellants' next contention is that the court erro-

neously credited the respondent with certain sums paid by him in the discharge of liens upon the boat. The particular items attacked are, (1) money expended in the payment of counsel and court fees in resisting the foreclosure of certain liens; (2) money paid for insurance upon the steamer; and (3) the balance paid upon an engine which was installed in the steamer after the sale to Good. The oral testimony shows that the liens were resisted upon the advice of counsel, and that the insurance premium was paid for the purpose of keeping the steamer insured in accordance with a stipulation in the mortgage. These items were properly allowed.

The court charged the respondent with the price paid for the steamer at the foreclosure sale. The appellants contend that he should have been charged with the amount of the Good mortgage. This contention has already been disposed of.

We need not consider the engine item, for if disallowed the balance due the respondent was in excess of the judgment. The judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and PARKER, JJ., concur.